### OLE C. LUND *vs*. ZACHARIAS ANDERSON.

### December 20, 1889.

**Appeal— Objection that Verdict is on Insufficient Evidence.**—The question whether the evidence is sufficient to sustain a verdict must be first passed upon by the trial court, before it will be considered on appeal to this court.

**Exceptions to Charge.**—The exceptions to the charge and certain refusals to charge, in this case, *held* too general to support the assignments of error thereon.

**Contributory Negligence—Evidence.**—Evidence *held* insufficient to establish contributory negligence on the part of the plaintiff.

Appeal by defendant from a judgment of the district court for Hennepin county, where the action was tried before *Rea, J.*, and a verdict of $1,235 rendered for plaintiff. There was no motion for a new trial.

*Hawley & Hall*, for appellant.

*Ueland, Shores & Holt*, for respondent.

*By the Court.* This appeal is from a judgment in plaintiff's favor, for damages for injuries received from the fall of a scaffold upon which he was at work for the defendant, and which he claims was so negligently and insecurely constructed as to be unsafe. It was erected for the use of workmen engaged in building a brick wall for defendant in a building which he was erecting in the city of Minneapolis.

As it does not appear that any motion for a new trial was made in the court below, the question whether the evidence justifies the verdict will not be considered here in the first instance; and, in respect to the charge, the defendant's exceptions are too general to support the assignments of error, unless upon the question of contributory negligence. The question of the negligence of a party is ordinarily one for the jury; but we cannot say that the court erred in its charge, in this instance, in stating that there was no evidence that the scaffold fell as the result of anything done by the plaintiff.

We have carefully examined the evidence, and we find nothing in it tending to show that there was any negligent or imprudent act done by him which caused or contributed to its fall. He was engaged in carrying brick and mortar to the masons. He placed a plank on one end of the lower scaffold, which was used by the "tenders," through an open space in the wall, and walked back and forth on that in the discharge of his duties, but there is no evidence tending to show that this was a negligent act, or that it was the proximate cause of the accident, or that, as a reasonably prudent man, engaged in this particular employment, he had any reason to apprehend such an accident.

Judgment affirmed.